IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **RASHARD WILSON,** | * | |
| *Petitioner*, | * | |
| v. | * | Criminal No. RWT-12-00086 |
|  | * | Civil No. RWT-16-01035 |
| **UNITED STATES OF AMERICA,** | * | |
| *Respondent*. | * | |

## MEMORANDUM OPINION AND ORDER

On March 18, 2016, Petitioner Rashard Wilson ("Wilson") filed a Motion to Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255 ("§ 2255 Motion"). ECF No. 455. On January 26, 2017, Wilson filed a supplement to his § 2255 Motion. ECF No. 483. On August 2, 2017, the Court denied Wilson's § 2255 Motion. ECF Nos. 503, 504. On appeal, the Fourth Circuit remanded the case back to this Court to review the additional issue raised in Wilson's Supplement—an issue previously omitted from the Court's analysis. ECF Nos. 522, 525.

Wilson argues in his Supplement that this Court should vacate his sentence and resentence him without a career offender enhancement under the United States Sentencing Guidelines ("U.S.S.G.") because of new case law: *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). ECF No. 483. After reviewing *Mathis*, *Hinkle*, and Wilson's earlier conviction, this Court's decision to deny Wilson's § 2255 Motion remains unaltered.

The defendant in *Mathis v. United States* pleaded guilty to being a felon in possession of a firearm. 136 S. Ct. at 2250. He had five prior convictions for burglary under Iowa law. *Id.*

Under the Armed Career Criminal Act ("ACCA"), certain federal defendants who had three prior convictions for a violent felony—including burglary—received a 15-year mandatory minimum sentence. *Id.* at 2247. Under the Iowa statute, however, the location element of burglary was broader than that of generic burglary. *Id.* at 2250. More specifically, under the Iowa statute, a burglary could be committed by unlawfully entering "any building, structure, *or land, water, or air vehicle*," while under the generic version, a burglary could be committed by unlawfully entering only "a building or other structure." *Id.* Because the location element of burglary under the Iowa statute was broader than the location element for burglary under generic law, the Supreme Court held that Mathis's burglary convictions could not be used to enhance his sentence under the ACCA. *Id.* at 2257.

In *United States v. Hinkle*, the Fifth Circuit cited *Mathis* and applied the same reasoning to career offender status within the meaning of the U.S.S.G. 832 F.3d at 570–71. Hinkle, who pleaded guilty to possession with intent to distribute cocaine, had a prior felony conviction for burglary and for delivery of a controlled substance under Texas law. *Id.* at 570. Under the Texas statute and in contrast to the U.S.S.G., however, delivery of a controlled substance could be committed by offering to sell it. *Id.* at 572. Because the delivery element of Hinkle's Texas conviction was broader than the delivery element under the U.S.S.G., the Fifth Circuit held that the defendant's prior Texas conviction for delivery of a controlled substance could not be used to classify him as a career offender under the U.S.S.G. *Id.* at 576–77.

Here, Wilson argued that his prior conviction in Prince George's County Circuit Court for possession with intent to distribute a controlled substance should not have been used to classify him as a career offender under the U.S.S.G. based on the holdings in *Mathis* and *Hinkle*. *See* ECF No. 483. However, after comparing the Maryland statute with the definition of a

controlled substance offense under the U.S.S.G., Wilson's argument fails. When Wilson possessed a controlled substance with the intent to distribute it in 2009, the Maryland statute read as follows:

> Except as otherwise provided in this title, a person may not:
>
> (1) manufacture, distribute, or dispense a controlled dangerous substance; or
> (2) possess a controlled dangerous substance in sufficient quantity reasonably to indicate under all circumstances an intent to manufacture, distribute, or dispense a controlled dangerous substance.

Md. Code Ann., Crim. Law § 5-602 (LexisNexis 2006) (amended 2009).

> Under the U.S.S.G., a controlled substance offense is defined as follows:
>
> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the *manufacture*, import, export, *distribution, or dispensing of a controlled substance* (or a counterfeit substance) or the *possession of a controlled substance* (or a counterfeit substance) with *intent to manufacture*, import, export, *distribute, or dispense*.

U.S. Sentencing Guidelines Manual § 4B1.2(b) (U.S. Sentencing Comm'n 2018) (emphasis added).

The Maryland statute and the definition of a controlled substance offense under the U.S.S.G. are nearly identical. A defendant is guilty if he or she essentially (1) manufactures, distributes, or dispenses a controlled substance or (2) possesses a controlled substance with the intent to manufacture, distribute, or dispense it. There is no additional language in the Maryland statute sufficient to make it broader than the definition under the U.S.S.G. As such, Wilson's conviction in Prince George's County Circuit Court was properly used to classify him as a career offender under the U.S.S.G.

Having found no merit to Wilson's Supplement, this Court incorporates by reference its analysis from the Memorandum Opinion and Order from August 2, 2017, and denies Wilson's § 2255 Motion.

## CERTIFICATE OF APPEALABILITY

Wilson may not appeal this Court's denial of relief under § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 F. App'x 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless Wilson has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012); *Hardy*, 227 F. App'x at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 F. App'x 296, 297 (4th Cir. 2009).

The Court has assessed Wilson's § 2255 Motion and Supplement, and the Court finds that no reasonable jurist could find merit in any of the asserted claims. Accordingly, no certificate of appealability shall issue.

## CONCLUSION

Based on the foregoing, the Court finds that none of Wilson's claims satisfy the *Strickland* two-prong test establishing ineffective assistance of counsel. The additional review of *Mathis* and *Hinkle* do not disturb or alter the Court's conclusion that Wilson's § 2255 Motion lacks merit. Accordingly, it is, this 11th day of April, 2018, by the United States District Court for the District of Maryland,

**ORDERED**, that Wilson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 455) is **DENIED**; and it is further

**ORDERED**, that his Supplement (ECF No. 483) is **DENIED**; and it is further

**ORDERED**, that a certificate of appealability **SHALL NOT ISSUE**; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Wilson; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to close Civil Action No. RWT-16-01035.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE